### J. R. COGGINS v. THE STATE.

MALICIOUS MISCHIEF.—Appellant was convicted of knowingly causing horses to go within the enclosed land of one B. without his consent. The proof was that appellant rented from B. a part of a field, and turned his horses upon the part he rented, whence they strayed on to the other part. The crop had been gathered, and nothing was stipulated in the rental contract upon the subject. *Held*, that appellant had the right to pasture his horses on the land he had rented, and, the conviction not being warranted by law, the cause is dismissed.

APPEAL from the County Court of Collin. Tried below before the Hon. T. C. GOODNER, County Judge.

A fine of ten dollars was the punishment imposed on the appellant. The opinion discloses the state of the proof.

*R. C. White, J. S. Jenkins,* and *M. H. Garnett,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J. The appellant, J. R. Coggins, was convicted of the offense of knowingly causing horses to go within the enclosed lands of another, without his consent. Acts of 1873, pp. 41 and 42; Penal Code, art. 684.

From the statement of facts we learn that the appel-

lant rented of the prosecutor any amount of land desired, for twelve months beginning on the 1st day of January, 1881. The land rented by the defendant was enclosed by a fence which enclosed other land not rented by defendant; or, in other words, the defendant did not rent all the land enclosed by the fence which enclosed his land. There was no cross fence between his land and that not rented by him. The crops had been gathered from all of the land enclosed.

The question presented for our decision is this:— when the defendant turned his horses in the field, was he causing the horses to go within the enclosed lands of *another?* Most clearly not. He had a perfect right to use that land until the expiration of his term.

Upon this subject Mr. Taylor, in his work on landlord and tenant, says: "After taking possession, the tenant is at once invested with all the rights incident to possession, and is entitled to the use of all the privileges and easements appurtenant to the tenement, and to take such reasonable estovers and emblements as are attached to the estate, unless restrained by special agreement. He may maintain an action against any person who disturbs his possession or trespasses upon his premises, though it be the landlord himself, who has, in general, no right to enter and repair, *unless there be a stipulation to that effect*, or the repairs are necessary to prevent waste. If a stranger enters and commits waste, the tenant will still be liable to an action for that waste by his landlord, and will be left to his remedy over against the stranger. And even after his term has expired, he may still recover damages for an injury sustained during its continuance." Taylor on Landlord and Tenant, § 178, p. 127.

In the absence of a contract to the contrary, the tenant, the defendant, in this case, had the same right to occupy, to use and graze the land during his term as if he were the owner. In fact, for these purposes, the

land belonged to him until the expiration of his term. If we be correct in this position, the judgment must be reversed and the prosecution dismissed; the evidence showing that there was no contract forbidding the tenant the right to graze the premises rented. The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*